**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, and <br> CENTRAL LABORERS' ANNUITY FUND, <br><br> Plaintiff(s), <br><br> v. <br><br> AMERICAN MECHANICAL SERVICES, INC., <br> an Illinois corporation, <br><br> Defendant(s). | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**26-Cv-6104**

## COMPLAINT

Plaintiffs Central Laborers' Pension Fund and Central Laborers' Annuity Fund (collectively "Plaintiff Funds"), by their attorneys, complain against Defendant AMERICAN MECHANICAL SERVICES, INC. as follows:

## COUNT I
against
AMERICAN MECHANICAL SERVICES, INC.
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff Funds are multiemployer pension funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4. Plaintiff CENTRAL LABORERS' PENSION FUND is the authorized collection agent for the CENTRAL LABORERS' ANNUITY FUND with respect to fringe benefit contributions and dues payments.

5. AMERICAN MECHANICAL SERVICES, INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). AMERICAN MECHANICAL SERVICES, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. AMERICAN MECHANICAL SERVICES, INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. No party has terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), AMERICAN MECHANICAL SERVICES, INC. became a party to and bound by the Plaintiff Funds' trust agreements.

8. AMERICAN MECHANICAL SERVICES, INC. became a party to and bound by the collective bargaining agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

9. AMERICAN MECHANICAL SERVICES, INC. became a party to and bound by the collective bargaining agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

10. AMERICAN MECHANICAL SERVICES, INC. became a party to and bound by the collective bargaining agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

11. Under the terms of the collective bargaining agreements, participation agreements, and trust agreements, AMERICAN MECHANICAL SERVICES, INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, AMERICAN MECHANICAL SERVICES, INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

12. In or about February 2024, the Plaintiff Funds conducted an audit of AMERICAN MECHANICAL SERVICES, INC. for the period July 1, 2019 through June 30, 2026. A copy of the audit report is attached as *Exhibit A*. The audit revealed that AMERICAN MECHANICAL SERVICES, INC. failed and refused to pay all contributions and work dues in accordance with the

provisions of the collective bargaining agreements, participation agreements, and trust agreements. The unpaid amounts total not less than the following:

| | |
|---|---|
| Audit Liabilities (07/01/2019 through 06/30/2023): | $48.00 |
| **Total:** | **$48.00** |

13.     The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month following the month for which the contributions are due (or a minimum of $25.00).  ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

14.     AMERICAN MECHANICAL SERVICES, INC. also made late contribution payment for the months of January 2016 and August 2020.

15.     Because contributions were not paid when due, AMERICAN MECHANICAL SERVICES, INC. incurred 10% penalty assessments in accordance with the participation agreements and trust agreements totaling not less than the following:

| | | |
|---|---|---|
| Assessment for unpaid contributions (Audit Liabilities): | $4.80 | (see ¶ 12) |
| Assessment for late contributions (01/2016: Local 81): | $25.00 | (see ¶¶ 13-14) |
| Assessment for late contributions (08/2020: Local 81): | $25.00 | (see ¶¶ 13-14) |
| **Total:** | **$54.80** | |

16.     Audit costs, for which AMERICAN MECHANICAL SERVICES, INC. is liable in accordance with the trust agreements, total not less than $1,591.15.  Audit costs are due in part because AMERICAN MECHANICAL SERVICES, INC. was unprepared for the audit examination at the time of the auditor's arrival, resulting in the auditor having to reschedule the audit on two occasions.  A copy of the audit invoice is attached as *Exhibit B*.

17.     The total amount owed by AMERICAN MECHANICAL SERVICES, INC. to Plaintiff Funds is not less than $1,641.15, consisting of:  not less than $48.00 in delinquent and unpaid contributions and dues identified by payroll compliance audit (reference ¶ 12 above), not less than $54.80 in late payment penalty assessments (reference ¶¶ 13-15 above), and not less than $1,591.15 in audit costs (reference ¶ 16 above), less a payment credit of $52.80.

18.     AMERICAN MECHANICAL SERVICES, INC. has failed and refused to pay the amount of $1,641.15 known to be due to Plaintiff Funds.

19.     Plaintiffs have been required to employ auditors and the undersigned attorneys to identify and pursue collection of the amount due from AMERICAN MECHANICAL SERVICES, INC.

20.     ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant."  The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for the cost of an audit and attorney's fees and costs.

21.     ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment against AMERICAN MECHANICAL SERVICES, INC. in favor of Plaintiffs.

B.     Order AMERICAN MECHANICAL SERVICES, INC. to pay Plaintiff Funds not less than $1,641.15.

D.      Order AMERICAN MECHANICAL SERVICES, INC. to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E.      Order AMERICAN MECHANICAL SERVICES, INC. to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

F.      Grant Plaintiffs such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND and
CENTRAL LABORERS' PENSION FUND

By:   /s/ *Richard A. Toth*
One of their attorneys

GEORGES & SYNOWIECKI, LTD.
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797

6

**STATEMENT OF ADDITIONAL
REPORTABLE HOURS DUE FOR
AMERICAN MECHANICAL SERVICES
ON BEHALF OF THE
CENTRAL LABORERS' PENSION,
WELFARE AND ANNUITY FUNDS
FOR THE PERIOD
JULY 1, 2019 THROUGH JUNE 30, 2023**



EXHIBIT

A



**ROMOLO**
**& ASSOCIATES, LLC**
CERTIFIED PUBLIC ACCOUNTANTS

1700 W. LUTHY DRIVE, PEORIA IL 61615
PHONE 309.682.2001 • FAX 309.402.2483 • romolocpa.com

Central Laborers' Pension,
Welfare and Annuity Funds
Jacksonville, Illinois

We have performed the procedures enumerated on the attached supplement, which were agreed to by the Central Laborers Pension, Welfare, & Annuity Funds (the Fund), solely to assist you with respect to the selected payroll and related records of American Mechanical Services (the employer) for the period of July 1, 2019 through June 30, 2023. The employer's management is responsible for the employer records provided to us. These procedures were designed to determine if the data submitted by the Employer is in compliance with the reporting provisions of the collective bargaining agreements, participation agreements, and Central Laborers Pension, Welfare, & Annuity Funds' Trust Agreements. The sufficiency of the procedures is solely the responsibility of those parties specified in the report. Consequently, we make no representation generally regarding the sufficiency of the procedures described in the attached supplement either for the purpose for which this report has been requested or for any other purpose.

The scope of this engagement is limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Fund. Any compensation paid to employees not disclosed to us or made part of the written record was not determinable by us and was not included in our review.

Our procedures performed are found on the attached supplement.

In connection with the above procedures, certain matters came to our attention that resulted in findings of additional Employer contributions, as shown in the summary of amounts due, were due to the Funds in the amount of $48.00.

In addition, the accompanying notes herein identify any special circumstances that we believe the Trustees should consider in evaluating this report. These notes are an integral part of this report and should be reviewed to completely understand this report.

Our procedures were related to the employer's payroll records provided to us and did not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed. Had we performed additional procedures other matters might have come to our attention that would have been reported to you.

This report is intended solely for the information of the Central Laborers Pension, Welfare, & Annuity Funds and is not intended to be and should not be used by anyone other than those specified parties.

*Romolo & Associates LLC*

Romolo & Associates, LLC
Certified Public Accountants
Peoria, IL
February 19, 2024

## CONSULTING AGREEMENT PROCEDURES PERFORMED

1. Obtained a basic understanding of the Employer's payroll and fringe benefit reporting system.

2. Obtained access to some or all of the following accounting records from the Employer:

   o Payroll journals or computer printouts with paycheck history, employee hours, gross wages
   o Individual earnings and time records on all employees or computer printout with paycheck history
   o Annual earnings records (W-2's and W-3)
   o Quarterly employer's federal withholding and FICA tax returns (Forms 941)
   o Quarterly employer's contribution and wages reports for state unemployment compensation
   o Employer's copies of monthly fringe benefit report forms
   o Employee occupation listing
   o Cash disbursement records
   o Payments to subcontractors (Forms 1096 and 1099)

3. To determine that we were provided with the entire payroll we performed the following procedure:

   o Agreed gross wages per the Employer's payroll to the W-2s/W3 on a test basis

4. In order to determine that all hours/months for covered work were properly reported to the Funds we performed the following test procedures on some or all employees:

   o Determined classifications of employees and/or their union affiliation based on the employer's records
   o Compared hours worked, per the employer's records, by covered employees to the hours reported based on information reported by the Fund
   o Reviewed and relied upon union report forms filed with other benefit funds as provided to us by the employer for hours worked by covered participants, not reported to the Fund

5. Reviewed findings with the Employer Representative at the conclusion of our procedures and discussed possible delinquencies.

   (Please see Notes for any scope limitation on the above procedures or additional procedures performed not described above.)

**AMERICAN MECHANICAL SERVICES**
**NOTES TO CONSULTING PROCEDURES**
**JULY 1, 2019 THROUGH JUNE 30, 2023**

**NOTE 1     OUT OF JURISDICTION**

This employer is located outside of the Fund's jurisdiction. The employer did not provide job cost records which would identify the location of the work performed. During our examination, we verified that hours were reported to one Fund or another. However, due to the lack of job cost records, it is possible that an out of jurisdiction employee performed work in the Fund's jurisdiction and was not reported to the Fund. Based upon our review of the employer's records it appears as though the employer reported employees to multiple locals, which can be an indication that the employer reported hours based upon the work jurisdiction.

**NOTE 2     UNREPORTED HOURS**

In April of 2022, the employer failed to remit hours worked by Charles Rodriguez to Local 81. The unreported hours are shown as due using Local code 81B under the Building contract.

| Amer Mech Svcs | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL SUMMARY OF AMOUNTS DUE | | | | | | | | | | | |
| July 1, 2019 | | To | | June 30, 2023 | | | | | | | |
| | | 2019 | | 2020 | | 2021 | | 2022 | | 2023 | | TOTAL |
| ANNUITY | | $ | - | $ | - | $ | - | $ | 48.00 | $ | - | $ | 48.00 |
| TOTAL DUE | | $ | - | $ | - | $ | - | $ | 48.00 | $ | - | $ | 48.00 |

**Amer Mech Svcs - CLPWAF**
**Unreported Regular Hours**
**For period 1/1/2022 - 12/31/2022**
**Local: 81B**

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **RODRIGUEZ,CHARLES,P,** | 0.00 | 0.00 | 0.00 | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12.00 |
| **Unreported Regular Hours** | 0.00 | 0.00 | 0.00 | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12.00 |
| **Amounts Due** | | | | | | | | | | | | | |
| ANNUITY | $0.00 | $0.00 | $0.00 | $48.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $48.00 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $48.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $48.00 |
| **Rates** | | | | | | | | | | | | | |
| ANNUITY | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.500 | 4.500 | 4.500 | 4.500 | 4.500 | 4.500 | 4.500 | |



# ROMOLO
## & ASSOCIATES, LLC
### CERTIFIED PUBLIC ACCOUNTANTS

1700 W. LUTHY DRIVE, PEORIA IL 61615
PHONE 309.682.2001 • FAX 309.682.2045 • romolocpa.com

December 18, 2023

Central Laborers P,W&A Fund
P.O. Box 1267
Jacksonville, IL  62651

Invoice #     32939

For professional services rendered in connection with the fringe
benefit payroll compliance examination on behalf of the:

Central Laborers' Pension, Welfare and Annuity Funds for American Mechanical Services
for services rendered to date

| | |
|---|---:|
| Scheduling | 75.00 |
| Field Work | 1,066.50 |
| Processing | 37.00 |
| Mileage (315 mi. x 2 @ $.655) | 412.65 |



RECEIVED
DEC 2 0 2023

PAYABLE UPON RECEIPT

TOTAL

$     1,591.15



EXHIBIT
B

